UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN DELUCA, et al.,

                Plaintiffs,

v.

JAMEEL LOCKHART,

                Defendant.

Case No. 2:23-cv-11436

HONORABLE STEPHEN J. MURPHY, III

_____/

## ORDER REMANDING CASE

Defendant Jameel Lockhart removed the present case from the Third Circuit Court for Wayne County, Michigan and appeared to invoke federal question jurisdiction as the basis for removal. ECF 1, PgID 1 ("There have been, and continue to be, violations against [Defendant's] civil and constitutional rights."). But Defendant failed to attach the complaint allegedly filed against him in State court by Plaintiffs Steven DeLuca, Wesley J. Neal, Holzman Law, and One Detroit Credit Union. *See id.* at 4–32. The Court therefore could not determine whether the case involved a federal question. The Court then ordered Defendant to show cause for why the case should not be remanded to State court for lack of subject-matter jurisdiction. ECF 5.

Defendant responded to the Court's show cause order and argued that the case "present[ed] compelling reasons for removal . . . to federal court[] based on violations of the Foreign Agent Registration Act (FARA), perjury committed by the [S]tate court judge, and violations of the Fair Debt Collection Practices Act (FDCPA)." ECF 7, PgID

1

40. Yet Defendant again failed to attach the complaint, and he did not reference any of the claims brought against him in that complaint. *See* ECF 7. Consequently, the Court ordered Defendant to show cause a second time for why the case should not be remanded to State court for lack of subject-matter jurisdiction. ECF 10. The Court noted that "Defendant's arguments in his response to the show cause order are limited to his counterclaims against Plaintiffs, which are insufficient to establish federal question jurisdiction." *Id.* at 64 (citing *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). And the Court specifically instructed Defendant to "attach the complaint filed against him by Plaintiffs in State court so that the Court can determine whether jurisdiction exists and removal is appropriate." *Id.*

Defendant responded and attached the State court complaint. ECF 11, PgID 73–78. He again argued that there were "compelling reasons" to remove the case to federal court "based on violations of the Foreign Agent Registration Act (FARA), perjury committed by the [S]tate court judge . . . , and violations of the Fair Debt Collection Practices Act (FDCPA)." *Id.* at 66. But the complaint reveals that the Court indeed lacks subject-matter jurisdiction over the present case.

"Federal courts have jurisdiction under [28 U.S.C. §] 1331 in only those cases in which a well-pleaded [c]omplaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quotation marks and quotation omitted).

First, the complaint was filed by only Plaintiff One Detroit Credit Union against Defendant. *Id.* at 73. The individuals that Defendant named as federal Plaintiffs, Holzman Law and Steven DeLuca, are listed as counsel for Plaintiff One Detroit Credit Union; they are not parties. *Id.* And named federal Plaintiff Wesley J. Neal does not appear anywhere in the complaint. *See id.* at 73–78. Plaintiff One Detroit Credit Union and Defendant are both residents of Michigan. *Id.* at 73. The Court accordingly lacks diversity jurisdiction over the case. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between [] citizens of different States.").

Second, none of the allegations in the complaint raise a federal question. In Count I, the complaint alleged that Defendant failed to make payments on a vehicle for which he had a loan agreement with Plaintiff One Detroit Credit Union. *Id.* at 74. Thus, the complaint requested that the court order Defendant to turn the vehicle over to Plaintiff One Detroit Credit Union. *Id.* at 75. Count II alleged breach of contract and requested a judgment in the amount of $15,665.13. *Id.* at 76. Count III alleged that Defendant had made intentionally false representations to Plaintiff One Detroit Credit Union to induce it to enter the loan agreement. *Id.* And Counts IV and V alleged common law conversion and statutory conversion respectively. *Id.* at 77. In short, because none of the allegations in the complaint raise a question of federal law, *Thornton*, 895 F.2d at 1133, the Court lacks subject-matter jurisdiction over the case. The Court will therefore remand the case to Third Circuit Court.

**WHEREFORE**, it is hereby **ORDERED** that the case is **REMANDED** to the Third Circuit Court for Wayne County, Michigan.

**IT IS FURTHER ORDERED** that the motion for writ of replevin [8] is **DENIED AS MOOT**.

This is a final order that closes the federal case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 17, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2023, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager

4